Angel Hopkins, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

648

Argued June 8, 1979, before Judges Blatt, Di-Salle and Craig, sitting as a panel of three.

*Paul J. Burgoyne,* with him *Kevin B. Curley* and *Nancy Goodwin,* for appellant.

*Linda M. Gunn,* Assistant Attorney General, for appellee.

Opinion by Judge Blatt, September 13, 1979:

Angel Hopkins (petitioner) appeals here from an order of the Hearing and Appeals Unit of the Department of Public Welfare (DPW) which reversed a hearing examiner's award of an emergency shelter allowance. She argues that the Hearing and Appeals Unit improperly reversed the hearing examiner's findings of fact[1] in violation of 55 Pa. Code §275.4 (h)(4)(i).[2]

---

[1] The petitioner also argues that the Hearing and Appeals Unit did not actually reverse the examiner's order; this contention, however, is without merit.

[2] This regulation provides that the decision of a hearing officer is subject to review by the Secretary or his designee but that

The petitioner receives Aid to Families with Dependent Children, and she moved with her son into a third-floor apartment which had been leased by a friend already living there. Approximately one week later, a housing officer inspected the premises and issued a notice of violation indicating that certain repairs had to be made within 30 days and also noting that "the third floor room was unfit for occupancy . . . and was to be vacated as soon as possible." The petitioner then sought other accommodations and also applied to the Chester County Board of Assistance for an emergency shelter allowance, which was denied. She asked for and obtained a fair hearing and the hearing examiner granted the allowance, but this grant was later reversed by the Hearing and Appeals Unit.

To be eligible for an emergency shelter allowance, an applicant must demonstrate

> [s]udden unexpected circumstances creating a breakdown of individual or family functioning in meeting basic family needs and resulting in a need for immediate action to avoid destitution of the individual or minor children residing in the family unit.

55 Pa. Code §289.2.

Our review of the record indicates that, while the Hearing and Appeals unit accepted the factual findings of the hearing examiner in this case, it disagreed that the claimant's situation amounted to "sudden unexpected circumstances", and it therefore reversed the hearing examiner's legal conclusion, not the findings of fact. We believe that it did err, however, in concluding that the petitioner's situation was not the result of "sudden unexpected circumstances". It

---

"[n]o findings of fact made by the hearing officer will be subject to reversal." 55 Pa. Code §275.4(h) (4) (i).

focused on the condition of the premises and reasoned that they had become uninhabitable through deterioration and not suddenly and unexpectedly, whereas, it was actually the housing citation with its order to vacate as soon as possible which created the ''sudden unexpected circumstances'', requiring the petitioner to move.

We believe therefore that the order of the Hearing and Appeals Unit should be reversed, and that of the hearing examiner should be reinstated.

### ORDER

AND Now, this 13th day of September, 1979, the order of the Hearing and Appeals Unit in the above-captioned case is hereby reversed, and the order of the hearing examiner is reinstated.